**FIREMAN'S FUND INSURANCE COMPANY, INC., Plaintiff,**

v.

**PAINEWEBBER REAL ESTATE SECURITIES, INC., et al., Defendants.**

**No. C–88–790 RFP.**

United States District Court, N.D. California.

May 11, 1988.

Robert N. Schiff, Steven L. Sumnick, Dennis Gildea, Fisher & Hurst, San Francisco, Cal., for plaintiff.

Melvin R. Goldman, Jack W. Londen, James F. McCabe, Morrison & Foerster, Samuel A. Keesal, Jr., Peter R. Boutin, Robert D. DeLong, Keesal, Young & Logan, San Francisco, Cal., for defendants.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

PECKHAM, Chief Judge.

## I. INTRODUCTION

Fireman's Fund has been sued in state court by its insureds, PaineWebber and some affiliated entities ("PaineWebber"), for refusing to pay a claim. Fireman's Fund has now filed this diversity action for declaratory relief as between the same parties, based on the same claim.

PaineWebber makes a motion to dismiss, or alternatively to stay this litigation, on the basis that this federal action is a "defensive" declaratory judgment action under *Transamerica Occidental Life Ins. Co. v. DiGregorio*, 811 F.2d 1249 (9th Cir.1987), and that we should defer to the earlier-filed state action.

## II. DECISION

The Court grants defendant's motion to dismiss this complaint without prejudice.

## III.  FACTS

In 1987, PaineWebber paid an amount in settlement of two lawsuits, *Homestead Savings v. PaineWebber Real Estate Securities, Inc.*, C–85–5694 RFP ("*Homestead I*") and *Homestead Savings v. PaineWebber Group, Inc., et al.*, C–87–1407 WWS ("*Homestead II*") (collectively, "the *Homestead* litigation"). Trial of *Homestead I* commenced in this court on February 25, 1987, and was settled on June 30, 1987, before Homestead had rested.

PaineWebber and Fireman's Fund then began to dispute about whether Fireman's Fund had a legal duty to indemnify PaineWebber for the sums PaineWebber paid in settlement of the *Homestead* litigation. On February 23, 1988, PaineWebber filed suit against Fireman's Fund in San Francisco Superior Court, *PaineWebber Real Estate Securities, Inc. et al. v. Fireman's Fund Ins. Co. (Inc.)*, No. 888592 ("the state court action"). PaineWebber's state court action seeks compensatory and punitive damages for breach of the insurance contract, tortious breach of the implied covenant of good faith and fair dealing, breach of an insurer's state law statutory duties, breach of fiduciary duties, and fraud. The state court action is based entirely upon state law.

PaineWebber has requested that the Court take judicial notice of the complaint filed in the state action, and has submitted a copy of the complaint. Fireman's Fund does not object to the Court taking judicial notice of the state complaint, and such notice appears appropriate under Federal Rules of Evidence 201. *St. Paul Fire & Marine Ins. Co. v. Cunningham*, 257 F.2d 731, 732 (9th Cir.1958).

On March 1, 1988, Fireman's Fund filed this action for declaratory relief. Fireman's Fund's federal complaint seeks a declaration that Fireman's Fund does not owe PaineWebber a legal duty to indemnify PaineWebber for sums paid in settlement of the *Homestead* litigation. Diversity of citizenship is the sole basis for subject matter jurisdiction; the federal action, like the state action, raises only questions of state substantive law.

In early April, 1988, Fireman's Fund made a motion in state court to have the state court judge dismiss or stay the state action pending the outcome of this federal litigation. On April 7, 1988, the state court judge refused this request. *See* Notice of Entry of Order dated April 7, 1988, in *PaineWebber Real Estate Securities Inc. et al. v. Fireman's Fund Ins. Co. (Inc.)*, San Francisco Superior Court No. 888592, Exhibit A to PaineWebber's Reply.

## IV.  DISCUSSION

### A.  RECENT NINTH CIRCUIT AUTHORITY ON THE ABSTENTION DOCTRINE:  THE DIGREGORIO AND MOBIL OIL DECISIONS.

Last year, the Ninth Circuit considered abstention in suits under the Declaratory Judgement Act in some detail. In *Transamerica Occidental Life Ins. Co. v. DiGregorio*, 811 F.2d 1249 (9th Cir.1987), an insurer sought in federal court a declaratory judgment that it was not bound to pay a life insurance claim. The federal declaratory relief action was filed one month before the insured filed her damages action in state court. Judge Legge dismissed the federal action on two grounds: lack of subject matter jurisdiction and the pendency of the state court action.

The Ninth Circuit rejected the District Court's holding on subject matter jurisdiction, holding that the federal declaratory action involved a question of federal law under ERISA. 811 F.2d at 1250–51, 1253. However, Judges Sneed, Kennedy and Beezer unanimously affirmed the dismissal based on abstention. In a key passage, Judge Sneed's opinion stated:

> This court has long held that a district judge has discretion to decline jurisdiction in favor of pending state court litigation when a party seeks to use the Declaratory Judgment Act to deprive a plaintiff of his choice of forum or to encourage a race to judgment.

*Id.* at 1253.

The Court expressly considered whether this well-settled rule had been abrogated by *Mobil Oil Corp. v. City of Long Beach,*

772 F.2d 534 (9th Cir.1985), which relied on the Supreme Court's decision in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). It decided that the rule had not been so abrogated, noting in particular "post-*Colorado River* authority that has continued to support the district courts' special jurisdictional discretion as to declaratory judgment suits independent of the *Colorado River* analysis." 811 F.2d at 1254.

Fireman's Fund relies heavily upon the *Mobil Oil* decision, in which a panel of the Ninth Circuit (consisting of Judges Wallace, Boochever, and District Judge MacBride, sitting by designation) took a more restrictive view of the scope of proper abstention than the panel in *DiGregorio*. In *Mobil Oil*, the Ninth Circuit held that a district judge had abused his discretion by dismissing a federal action in favor of pending state litigation, holding that the requirements for abstention outlined in *Colorado River* had not been met.

PaineWebber successfully distinguishes *Mobil Oil* from this case on two grounds. (1) In *Mobil Oil*, an action was already pending in federal court when the City of Long Beach filed a state court action involving the same parties; here Fireman's Fund was not a party to the *Homestead* litigation. (2) In *Mobil Oil*, the state court action had been stayed by the time the district court made its decision to dismiss Mobil's action; here, the state court has expressly rejected Fireman's Fund's attempt to stay or dismiss PaineWebber's state action.

## B. ABSTENTION UNDER THE COLORADO RIVER DECISION.

PaineWebber's position is that abstention here is proper under the recent Ninth Circuit decision in *DiGregorio*, which seems to provide a slightly broader standard for abstention (at least in declaratory judgment cases) than *Colorado River*. In the alternative, PaineWebber argues that even if the *Colorado River* test applies, abstention is appropriate. The Court agrees.

The *Colorado River* decision stressed that abstention is proper only in exceptional circumstances. According to the Court, "considerations of 'wise judicial administration'" might permit such abstention. 424 U.S. at 817, 76 S.Ct. at 1246. The Court identified several factors that might suggest exceptional circumstances: which court first assumed jurisdiction over the *res* or property at issue, the inconvenience of the forum, the desirability of avoiding piecemeal litigation, and the order in which the courts obtained jurisdiction. *Mobil Oil Corp. v. City of Long Beach*, 772 F.2d 534, 541 (9th Cir.1985). In addition, the courts consider whether the suit implicates federal interests. *DiGregorio, supra* 811 F.2d at 1254.

### 1. Which court first assumed jurisdiction over the res or property at issue.

Here, the parties agree that there is no property or *res* at issue, so this factor is not dispositive.

### 2. Inconvenience of the forum.

PaineWebber argues that both the state and federal forums in this case are located where the events giving rise to the dispute took place, so both forums are equally convenient.

Fireman's Fund construes "convenience" more broadly, arguing that because this Court is familiar with the underlying *Homestead* litigation, this Court is a more convenient and efficient forum for the litigation of the insurance coverage dispute. Fireman's Fund also stresses that this Court controls "access to important evidence," and "federal jurisdiction must be invoked to obtain it," since this Court issued three protective orders regarding the confidentiality of certain documents produced in the *Homestead* litigation.

PaineWebber responds that this Court's experience in the *Homestead* litigation will not really provide it with any comparative advantage in overseeing this litigation.

The Court agrees with PaineWebber on this point. Many of the issues in this case, such as whether Fireman's Fund failed to

investigate PaineWebber's claim, whether Fireman's Fund's refusal to participate in funding the settlement was made in bad faith, and whether Fireman's Fund has denied coverage in bad faith, will depend upon the facts showing the manner in which Fireman's Fund adjusted PaineWebber's claim—facts which were not before this Court in the *Homestead* litigation. In addition, the underlying coverage issues may well be tried before a jury.

### 3. Desirability of avoiding piecemeal litigation.

Since the state court in this case has denied a stay, there would be some risk of piecemeal—or at least duplicative—litigation if this Court declined to grant defendant's motion to dismiss or stay this action.

### 4. The order in which the courts obtained jurisdiction.

In this case, the state action was commenced one week prior to the federal litigation. PaineWebber stresses the importance of this week, arguing that it shows that Fireman's Fund is forum-shopping. Fireman's Fund relies on the *Mobil Oil* case to argue that the two cases were really filed "almost simultaneously."

### 5. Federal interests.

This action does not raise any federal questions.

### 6. Summary.

The Court concludes that in this case falls into the exceptional category of cases, under the *Colorado River* test, in which considerations of wise judicial administration mandate abstention.

Refusal to dismiss or stay this action would undermine the policy of the federal removal statute. The privilege of removal is not extended to a defendant who is sued in a state of which it is a citizen. 28 U.S.C. § 1441(b). As a citizen of California, Fireman's Fund cannot remove the state court action. Viewed in this light, Fireman's Fund's filing of this action in federal court looks like an attempt to avoid the limitations of the removal statute. Holding in

Fireman's Fund's favor here would mean that resident defendants where diversity exists could avoid the bar of 28 U.S.C. § 1441(b) and defeat the plaintiff's choice of forum, simply by turning around and suing for declaratory relief in federal court.

### C. CONCLUSION.

In sum, the Court orders this action dismissed without prejudice. Such a decision is clearly within the scope of the Court's discretion under the *DiGregorio* and *Colorado River* cases. Since the Court dismisses the complaint in this action, it need not reach the question of whether a stay might have been appropriate.

IT IS SO ORDERED.