David Alan ROBINSON, Plaintiff,

v.

Fernando RUIZ, III, Defendant.

Civ. A. No. 90–310 MMS.

United States District Court,
D. Delaware.

Aug. 14, 1991.

As Amended Aug. 20, 1991.

Kevin J. O'Connell, David E. Brand of Prickett, Jones, Elliott, Kristol & Schnee, Wilmington, Del. (Joseph P. Green, Jr. of

Duffy & Green, West Chester, Pa., of counsel), for plaintiff.

B. Wilson Redfearn of Tybout, Redfearn & Pell, Wilmington, Del., I. Barry Guerke of Parkowski, Noble & Guerke, Dover, Del., for defendant.

## OPINION

MURRAY M. SCHWARTZ, Senior District Judge.

This action arises from an accident which occurred on Route 113 near Dover, Delaware on October 25, 1988. Plaintiff David Alan Robinson is a Pennsylvania resident who, at the time of the accident, was acting in the course of his duties as an Airman First Class of the United States Air Force. Robinson was riding a motorcycle which collided with an automobile driven by Defendant Fernando Ruiz, III, a Delaware resident. The interest of the United States is also represented by Robinson pursuant to the Federal Medical Care Recovery Act, 42 U.S.C. §§ 2651–2653 [1], which enables the United States to recover the reasonable value of medical care furnished to Robinson. The court has diversity jurisdiction under 28 U.S.C. § 1332(a). Currently before the court is Ruiz's motion to stay or dismiss this action.

The dispute between Robinson and Ruiz has spawned parallel litigation in federal and state fora. The first steps were taken by Ruiz. On May 23, 1990, Ruiz filed a civil action in the Delaware Superior Court in and for Kent County against Robinson for his injuries allegedly sustained by rea-

son of the accident. Service of process on Robinson was effected on June 13, 1990. Robinson's counsel filed an answer and counterclaim on August 9, 1990.

With Ruiz's action already under way in the Superior Court, Robinson filed his complaint in the Delaware District Court on June 15, 1990, alleging personal injury, seeking damages and claiming recovery for himself and the United States of the value of medical care provided to him. On August 30, 1990, Ruiz filed his answer with a counterclaim for his injuries.

The complaints and counterclaims in both actions are precise mirror images. Both Robinson's federal complaint and his state counterclaim seek compensation for himself and the United States under the Federal Medical Care Recovery Act for his medical treatment and hospital care. Preparations for litigation in both fora progressed on parallel tracks. Discovery was initially taken with respect to the federal action and subsequently taken for the state action. During the hearing for this motion, counsel for the parties informed the court that discovery is essentially completed for both cases, and that they had agreed discovery taken for proceedings in one court would be utilized in the other court. While the trial date for the state proceeding has been set for October 21, 1991, no trial date has been scheduled in this court. For the reasons set forth below, the court will grant Ruiz's motion to dismiss.

## ANALYSIS

This case juxtaposes a district court's ability to control its docket with "the virtu-

---

1. In pertinent part, the Federal Medical Care Recovery Act provides the following:

    (a) In any case in which the United States is authorized or required by law to furnish hospital, medical, surgical or dental care and treatment ... to a person who is injured ... under circumstances creating a tort liability upon some third person ... to pay damages therefor, the United States shall have a right to recover from said third person the reasonable value of the care and treatment so furnished or to be furnished and shall, as to this right be subrogated to any right or claim that the injured person ... has against such third person to the extent of the reasonable value of the care and treatment so furnished or to be furnished.

    (b) The United States may, to enforce such right, (1) intervene or join in any action or proceeding brought by the injured ... person ... against the third person who is liable for the injury ..., or (2) if such action or proceeding is not commenced within six months after the first day in which care and treatment is furnished by the United States in connection with the injury ..., institute and prosecute legal proceedings against the third person who is liable for the injury ... in a State or Federal court, either alone (in its own name or in the name of the injured person ...) or in conjunction with the injured ... person....

ally unflagging obligation of federal courts to exercise the jurisdiction given them." *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976). Under the *Colorado River* abstention doctrine, a federal court may exercise its power to stay or dismiss an action on the sole ground that a concurrent similar action exists in a state court which may resolve the controversy between the parties to the federal action. This type of abstention doctrine evolves from a district court's ability to control its own docket. The Supreme Court has instructed that a court's power to stay or dismiss under the *Colorado River* doctrine is to be exercised only in "exceptional circumstances." *See e.g., Moses H. Cone Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 14, 103 S.Ct. 927, 936, 74 L.Ed.2d 765 (1983), *quoting, Colorado River Water Conservation District v. United States*, 424 U.S. at 813, 96 S.Ct. at 1244.

■ In order for a defendant to successfully invoke the *Colorado River* doctrine, at a minimum, the actions in state and federal court must be parallel. This does not mean that the proceedings must be identical, but rather substantially similar. *Sea Colony, Inc. v. Alcan Aluminum Corp.*, 653 F.Supp. 1323, 1326 (D.Del.1987); *Gilbane Bldg. Co. v. Nemours Foundation*, 568 F.Supp. 1085, 1089 (D.Del.1983); *Guenveur v. State Farm Mutual Automobile Insurance Co.*, 551 F.Supp. 1044, 1046 (D.Del.1982); *United States v. Cargill, Inc.*, 508 F.Supp. 734, 748–49 (D.Del.1981); *Landis v. North American Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 165–66, 81 L.Ed. 153 (1936). In the instant case, both the federal and state proceedings involve identical parties and identical claims arising from a single event. The first hurdle is easily met.

■ Second, once parallelism has been established, the party seeking the stay or dismissal has the burden of proving the existence of "exceptional circumstances" or "a clear case of hardship or inequity in being required to go forward." *Gilbane*, 568 F.Supp. at 1088; *Guenveur*, 551

F.Supp. at 1046, *noting Colorado River*, 424 U.S. at 817–19, 96 S.Ct. at 1246–47. In making this determination, the court engages in a balancing process where the court's "unflagging obligation" to exercise jurisdiction is weighed against factors counselling against that exercise. In *Moses H. Cone*, the Supreme Court reiterated the process for engaging in this balancing:

> [T]he decision whether to dismiss a federal action because of a parallel state-court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction.

460 U.S. at 16, 103 S.Ct. at 937.

The factors used by this court are gathered from several sources. First, the *Colorado River* decision identified the following four factors to be considered and balanced in determining whether exceptional circumstances exist: (a) the inconvenience of the federal forum, (b) the desirability of avoiding piecemeal litigation, (c) the order in which jurisdiction was obtained, and (d) the presence of a *res* or property over which jurisdiction has been asserted. *Colorado River*, 424 U.S. at 818–19, 96 S.Ct. at 1246–47.

Next, in *Moses H. Cone Hospital v. Mercury Construction Corp., supra*, the Supreme Court identified two additional factors: (a) whether federal law provides the rule of decision on the merits and (b) the adequacy of the state court proceedings to protect the plaintiff's rights. 460 U.S. at 23, 26, 103 S.Ct. at 941, 942.

Lastly, research reveals that the Delaware Federal District Court has considered three additional factors: (a) the identity of the issues before the state and federal courts, (b) the existence of a federal policy militating either in favor of or against the stay; *Sea Colony*, 653 F.Supp. at 1326–27; and (c) the existence of an important countervailing federal interest which federal courts might be more likely than state courts to respect or enforce, *Cargill*, 508 F.Supp. at 749. Mindful of the "virtually unflagging obligation of the federal courts

to exercise the jurisdiction given them" and cognizant that only a carefully considered judgment based on the clearest justifications will meet the narrowly constructed exceptional circumstances test of *Colorado River* as refined by *Moses H. Cone,* the court turns to a consideration of the nine factors outlined above.

### A. Inconvenience of the Federal Forum

The federal forum clearly is not inconvenient for any of the parties. Among other things, convenience refers to ease of access to sources of proof, availability of compulsory process and enforceability of judgments. *See Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947), *cited with approval in Colorado River,* 424 U.S. at 818, 96 S.Ct. at 1246–47, *noted with approval in Sea Colony, Inc.,* 653 F.Supp. at 1327. While Ruiz contends that witnesses of the accident and the investigating police officers reside in and around the Dover area, the fact that this courthouse is a mere forty-two miles from the state forum weighs heavily against credibly asserting difficulties in accessing sources of proof. Furthermore, compulsory process is equally available in both actions, and judgments from either forum would be equally enforceable.

In keeping with the notion that the exceptional circumstances test is used to determine whether a federal court should surrender jurisdiction, the Supreme Court focused the analysis upon the inconvenience of the federal forum. *Colorado River,* 424 U.S. at 818, 96 S.Ct. at 1246–47. As a consequence, if the federal forum is not inconvenient, or no less convenient than the state forum, such finding does not counsel in favor of granting the motion. *See Sea Colony,* 653 F.Supp. at 1327 n. 6.

### B. Avoidance of Piecemeal Litigation

In *Moses H. Cone,* the Supreme Court indicated that "[b]y far the most important factor" in its decision to uphold the dismissal of the federal proceedings in *Colorado River* was the strong federal policy in favor of avoiding piecemeal litigation. 460 U.S. at 16, 103 S.Ct. at 937.

This factor entails inquiry into the scope of the proceeding and nature of available defense in the pending state court action. *Gilbane,* 568 F.Supp. at 1090. The inquiry should determine whether "the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, [and] whether such parties are amendable to process in that proceeding." *Gilbane, id.,* citing *Brillhart v. Excess Insurance Co.,* 316 U.S. 491, 495, 62 S.Ct. 1173, 1175–76, 86 L.Ed. 1620 (1942), *cited with approval in Colorado River,* 424 U.S. at 818, 96 S.Ct. at 1247. The parties do not dispute that a denial of Ruiz's motion would yield two separate lawsuits over identical issues, or that any of the foregoing *Brillhart* factors counsel against Ruiz's motion.

One commentator has noted:

[T]he exercise of a federal court's discretion to stay its proceedings in favor of a concurrently pending state court suit is pointless unless disposition of the state action will be determinative of enough of the issues before the federal court to justify the stay in terms of conservation of time and effort of the court and of the litigants. In this connection, if the state court can properly determine issues before it which will be dispositive of issues before the federal court, identity is not required.

Annot., 5 A.L.R.Fed. 10, 89 (footnote omitted), *cited with approval in Guenveur,* 551 F.Supp. at 1047. In the case at hand, the claims are identical, and it is beyond peradventure that the disposition of the state action will be determinative of all the issues before this court. However, resolution in the federal court would also be *res judicata* in the state court action. This factor is a wash.

### C. Order In Which Jurisdiction Was Obtained

It is clear that the federal proceedings were initiated after the state proceedings. Nonetheless, the priority factor, "as with the other *Colorado River* factors, is to be applied in a pragmatic, flexible manner with a view to the realities of the case at hand. Thus, priority should not be mea-

sured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Moses H. Cone,* 460 U.S. at 21, 103 S.Ct. at 940.

From the arguments presented to the court, it appears that significant progress has been made in both proceedings, with each case progressing along parallel tracks. Discovery and jury charges would be usable in both proceedings. The only distinction is that the Superior Court has set dates for a pretrial conference, a trial conference and the trial. While the establishment of a trial date is of some significance, this factor does not weigh heavily in favor of granting Ruiz's motion, because this court could assure the litigants a trial date prior to the end of the present calendar year.

### D. Presence of Res or Property

There is no *res* or property over which jurisdiction has been asserted by either court.

### E. Rule of Decision on the Merits

Federal law clearly will not provide the rule of decision on the merits. Sitting in diversity, this court is required under *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), to apply Delaware law. While the presence of a federal rule of decision is germane as a balancing criteria against dismissal, the absence of a federal rule of decision does not weigh heavily, if at all, in favor of dismissal.

### F. Adequacy of State Courts

Given that the state court will apply Delaware law, it is beyond dispute that the Superior Court will adequately protect all parties' rights. Further, the Federal Medical Care Recovery Act enables the United States to bring an action to recover the costs of medical care either before *a federal or state forum.* In light of the express provisions of the statute, it cannot be argued that a state court is likely to be an inadequate forum for Robinson's claim on behalf of the United States for medical care furnished heretofore or to be furnished in the future. Moreover, at oral argument, Robinson's counsel advised he had been authorized to pursue the interest of the United States in both courts.

### G. Identity of the Issues

The parties concede that the state and federal proceedings are identical and therefore do not present a barrier to abstention.

### H. Federal Policy Militating in Favor or Against a Stay or Dismissal

■ There is a strong federal policy which dictates this action be dismissed. Failure to dismiss this action would result in sanctioning circumvention of the requirements of the Federal Removal Statute, 28 U.S.C.A. § 1441, *et seq.* Under 28 U.S.C.A. § 1446(b), Robinson had thirty days after his receipt of Ruiz's summons and complaint in the Superior Court action to file a petition removing the case to this court. The thirty-day period drew to a close on July 12, 1990 without Robinson filing the petition. The mandatory time limitation set forth in § 1446 is strictly construed and may not be extended. *See generally* 14A C. Wright, A. Miller and E. Cooper, *Federal Practice and Procedure,* § 3732 at 527–30 (2d ed. 1985).

During the hearing on this motion, counsel for Robinson stated that Robinson's insurance carrier made a calculated decision not to remove the case from the Superior Court so as to avoid having Robinson stand in the shoes of a defendant. Apparently, some strategic advantage was perceived in having Robinson cast as a plaintiff in the action before this federal court. In his pursuit of a perceived tactical advantage, Robinson's failure to remove the case during the thirty-day statutory period operates as a waiver of his right to have his case tried in the federal court.

It is disingenuous for Robinson to argue this court should not dismiss this action because of his right to invoke federal diversity jurisdiction while candidly acknowledging it was his calculated decision to waive his right to remove the Superior Court action on the basis of federal jurisdiction. Robinson cannot be heard to complain of the consequence of his decision to forego removal. To hold otherwise would permit state court defendants who can

properly effect a removal to circumvent the mandatory time limitations established by 28 U.S.C. § 1446(b). The federal policy expressed in that statute compels granting Ruiz's motion.

### I. Important Countervailing Federal Interest which Federal Courts Are More Likely to Respect

Robinson asserts that the Federal Medical Care Recovery Act evinces a federal interest which a federal court is more likely to respect. However, the Act itself expressly enables the United States to seek recovery of medical care expenses in either state or federal courts. Clearly, the Act does not envision that a federal court is more likely to respect the federal interest in recovering medical expenses than a state court.

### CONCLUSION

After a careful balancing of the factors discussed above, the court concludes that exceptional circumstances do exist which mandate an exercise of discretion to dismiss the federal action. The court is mindful that the task in cases involving *Colorado River* abstention is "not to find some substantial reason for the exercise of federal jurisdiction ... [but] rather the task is to ascertain whether there exists 'exceptional' circumstances, the 'clearest of justifications,' that can suffice under *Colorado River* to justify the *surrender* of that jurisdiction." *Moses H. Cone,* 460 U.S. at 25–26, 103 S.Ct. at 942 (emphasis in the original). Avoidance of circumvention of the Federal Removal Statute is such a circumstance.

An order will be entered dismissing the complaint without prejudice.