**HOODCO, INC., Plaintiff,**

v.

**UNITED CAPITOL INSURANCE COMPANY, Defendant.**

No. 94–CV–532–WDS.

United States District Court,
S.D. Illinois.

Dec. 15, 1994.

Richard J. Zalasky, Rabbitt, Pitzer & Snodgrass, St. Louis, MO, for plaintiff.

Russell F. Watters, Robert W. Cockerham, Brown & James, St. Louis, MO, for defendant.

### MEMORANDUM AND ORDER

STIEHL, District Judge:

Before the Court is defendant's motion to dismiss, which the Court construes as a motion to stay.

■ Under an abstention doctrine originated in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), a federal court may stay or dismiss an action in exceptional circumstances where there is a concurrent state proceeding, and a stay or dismissal would promote wise judicial administration. *Caminiti and Iatarola, Ltd. v. Behnke Warehousing, Inc.*, 962 F.2d 698, 700 (7th Cir. 1992). Defendant's motion requests the Court to apply the *Colorado River* doctrine to dismiss this action. However, the Seventh Circuit "has consistently held that the proper procedure is to stay," not to dismiss with or without prejudice, when applying the *Colorado River* abstention rule. *Lumen Constr., Inc. v. Brant Constr. Co.*, 780 F.2d 691, 698 (7th Cir.1985). A stay prevents the possibility that the federal claim would be time-barred in the event the state claim does not reach final judgment, and allows the same federal judge to determine the preclusive effects of a state court judgment. *Id.* Thus, the Court will construe defendant's motion as requesting a stay.

On June 27, 1994, defendant filed a petition for declaratory judgment against Hoodco Building & Supply, Inc. (Hoodco Building), in the Circuit Court of St. Louis County, Missouri, requesting the court to declare the rights of the parties under a flood insurance policy. In that petition, defendant avers that Hoodco Building intentionally falsely represented that its West Alton, Missouri facility was not subject to flood exposure, even though Hoodco Building's agents knew of impending flood damage. As a result of these representations, defendant issued a liability insurance policy covering the West Alton property from July 8, 1993 until July 8, 1994. Hoodco Building allegedly claims that a flood damaged the West Alton property on July 9, 1993, and filed a claim of loss with defendant. Defendant has refused to pay any claims of flood damage under the policy, asserting that the policy is void. The prayer for relief in defendant's petition requests the Court to declare the insurance contract void due to Hoodco Building's misrepresentations. Hoodco Building answered this petition on July 25, 1994.

Plaintiff, Hoodco, Inc. filed this action on July 26, 1994. Plaintiff alleges that defendant breached the insurance contract, and vexatiously refused to pay the claim stemming from the flood damage. The complaint requests damages for amounts owed under the insurance contract, and additional statutory damages and attorney's fees authorized by Missouri statute for defendant's vexatious refusal to pay.

■ The *Colorado River* doctrine applies only where the concurrent state and federal proceedings are parallel. *Caminiti*, 962 F.2d at 700. In this context, parallel

suits are not necessarily identical suits. *Id.* The two suits are parallel "when substantially the same parties are contemporaneously litigating substantially the same issues in another forum." *Id., quoting Interstate Material Corp. v. City of Chicago,* 847 F.2d 1285, 1288 (7th Cir.1988) (emphasis omitted). Plaintiff's response to the motion argues that the requirement of parallel suits has not been satisfied because the original defendant in the state court action was Hoodco Building & Supply, Inc., a corporate entity distinct from plaintiff Hoodco, Inc. Since plaintiff filed its response, the Missouri state court has permitted United Capitol to amend its complaint to name Hoodco, Inc. as a defendant. Plaintiff's response does not address the identity of issues in the two cases. Even if United Capitol had not amended its state court petition, the two suits would have involved substantially the same parties, as both Hoodco, Inc. and Hoodco Building & Supply, Inc. are named insureds claiming the same interest. In light of the recent amendment, the parties are unquestionably parallel. Both suits involve the same claimed loss and the same flood insurance policy. In addition, both suits hinge upon the validity of the flood insurance policy; therefore, the two suits are litigating substantially the same issues, and are parallel for purposes of the *Colorado River* doctrine.

■ After determining that the concurrent proceedings are parallel, the Court must balance ten factors to determine the propriety of a stay:

1) whether the state has assumed jurisdiction over property; 2) the inconvenience of the federal forum; 3) the desirability of avoiding piecemeal litigation; 4) the order in which jurisdiction was obtained by the concurrent forums; 5) the source of governing law, state or federal; 6) the adequacy of state-court action to protect the federal plaintiff's rights; 7) the relative progress of state and federal proceedings; 8) the presence or absence of concurrent jurisdiction; 9) the availability of removal; and 10) the vexatious or contrived nature of the federal claim.

*Caminiti,* 962 F.2d at 701, *quoting LaDuke v. Burlington N. R.R. Co.,* 879 F.2d 1556, 1559 (7th Cir.1989). No one factor is determinative; the Court must weigh the factors to reach an individual determination. *Colorado River,* 424 U.S. at 818–19. Plaintiff's response to the motion to dismiss cites few facts and makes only the argument that this forum is more convenient, but the Court will balance the factors to reach the appropriate result.

The first factor is not pertinent to these concurrent cases. The second factor, convenience, does not weigh for or against a stay. Plaintiff claims its offices have been moved to Alton, Illinois, as a result of the flood. Nevertheless, it is apparent that while some witnesses, parties, and evidence may be slightly closer to this Court than to the St. Louis County Circuit Court, other witnesses and parties may be slightly inconvenienced. The two courthouses are relatively close, being only approximately 10 miles apart, so inconvenience does not contribute to the Court's decision.

The third factor, the desirability of avoiding piecemeal litigation, militates in favor of a stay. In the state court action, United Capitol seeks a declaration that the policy is void, while in this action, Hoodco claims damages from breach of the contract and a vexatious refusal to pay. The potential for piecemeal litigation is glaring. As in *Caminiti,* "allowing both cases to proceed would result in duplicative and wasteful litigation with the potential of inconsistent resolutions of the issue." 962 F.2d at 701. Furthermore, in concluding that the need to avoid piecemeal litigation weighs in favor of a stay, the Court recognizes "the substantial likelihood that the state litigation will dispose of all claims presented in the federal case." *Id.* at 701–02, *quoting Lumen Constr.,* 780 F.2d at 695. If the state court rules the policy void, plaintiff's damages claim is lost; if the policy is valid, defendant must pay the claim.

The fourth factor, the order in which the courts obtained jurisdiction, also weighs in favor of a stay. Priority should not be measured exclusively by which complaint was filed first, but should focus more upon how much progress has been made in the two actions. *Caminiti,* 962 F.2d at 702. The state court action was filed first. This Court

is not aware of the progress of the state court action, but is aware that this action has not progressed very far. Thus, the fourth factor weighs slightly in favor of a stay.

The source of governing law, the fifth factor listed, also suggests a stay. This suit involves no federal issue, and Missouri law clearly controls, as plaintiff's complaint in this Court even requests relief pursuant to Missouri statutes. Although this Court is capable of applying Missouri law, it defers to Missouri's interest in applying and interpreting its own law.

The sixth factor, the adequacy of the state-court action to protect the federal plaintiff's rights, also weighs in favor of a stay. The Missouri state court is perfectly capable of adjudicating plaintiff's claims that the insurance contract is valid and enforceable. Plaintiff could file a counterclaim in the Missouri action seeking the same relief sought in this action. As previously noted, the Court is unaware of the progress of the state court proceedings, and therefore does not consider the seventh factor in reaching a decision.

The presence of concurrent jurisdiction, the eighth factor, also suggests a stay. Where concurrent jurisdiction is absent, the federal plaintiff may have a stronger need for access to the federal forum. See Caminiti, 962 F.2d at 702–03. However, concurrent jurisdiction clearly exists in this diversity action, so a stay would not preclude availability of a forum to plaintiff.

The ninth factor, availability of removal, militates in favor of a stay. Because plaintiff is a Missouri citizen for diversity purposes, it could not have removed the case to a district court in Missouri. 28 U.S.C. § 1441(b). However, the ordinary justification for diversity jurisdiction, protecting out-of-state defendants from the local bias of state courts, is not present since plaintiff is a Missouri citizen. See Microsoftware Computer Systems, Inc. v. Ontel Corp., 686 F.2d 531, 537 (7th Cir.1982). Thus, plaintiff's circumvention of the § 1441(b) prohibition against removal by filing suit in Illinois suggests the propriety of a stay.

The tenth factor also weighs in favor of a stay, since this lawsuit could be construed as vexatious or contrived. Plaintiff could have sought the same relief by filing a counterclaim in state court. Plaintiff's main argument in response to this motion is the previously discounted contention that the parties involved are dissimilar. Hoodco contends that it filed this action due to this Court's favorable discovery rules and streamlined docket. While the Court appreciates the compliment, filing of this claim seems wasteful of judicial resources, and makes more difficult the Court's efforts to maintain a streamlined docket.

On balancing of ten factors enunciated in Caminiti, 962 F.2d at 701, none of the ten factors weighs against a stay, while numerous factors suggest that a stay is appropriate. In light of these ten factors and previous case law construing the Colorado River doctrine, the Court concludes that a stay of this matter is warranted. See Caminiti, 962 F.2d at 701–03; Interstate Material Corp., 847 F.2d at 1288–90; Lumen Constr., 780 F.2d at 693–98.

Accordingly, the Court **GRANTS** defendant's motion to dismiss, construed as a motion to stay. This action is hereby **STAYED** in accordance with the provisions of this Order. The parties are to inform the Court of any events which would warrant lifting the stay.

IT IS SO ORDERED.